**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br>            *Plaintiff*,<br><br>            v.<br><br>NEWTOWN ELECTRIC LLC, TIMBER<br>HILL FARM LLC, BARBARA L.<br>GAYDOSH, and GARY M. GAYDOSH<br>            *Defendants*. | No. 3:22-cv-651 (VAB) |

**RULING AND ORDER ON MOTION FOR DEFAULT JUDGMENT**

BMO Harris Bank N.A. ("Plaintiff") has sued Newtown Electric LLC, Timber Hill Farm

LLC, Barbara L. Gaydosh ("Ms. Gaydosh"), and Gary M. Gaydosh ("Mr. Gaydosh"),

(collectively "Defendants"), asserting state law breach of contract claims[1] and requesting

injunctive relief. *See* Compl. at 9–12, ¶¶ 43–66, ECF No. 1 (May 10, 2022) ("Compl.").

Defendants did not appear in this case. BMO Harris Bank N.A. filed a motion for entry of

default, *see* Mot. for Default Entry, ECF No. 11 (July 13, 2022), which the Court granted, *see*

Order, ECF No. 15 (July 18, 2022). BMO Harris Bank N.A. has now filed a motion for Default

Judgment. *See* Mot. for Default Judgement, ECF No. 18 (Aug. 17, 2022) ("Mot. for Default J.").

---

[1] BMO Harris Bank N.A. also asserts two additional independent causes of action. *See* Compl. at 13, ¶¶ 67–71
("Fifth Cause of Action (Injunctive Relief—Newtown Collateral)[.]"); *id.* at 14–15, ¶¶ 72–81 ("Sixth Cause of
Action (Replevin—Newtown Collateral) . . . This claim is brought pursuant to Federal Rule of Civil Procedure 64
and Connecticut General Statutes §§ 52-515 et seq."). These claims, however, are remedies, and as such they do not
confer independent causes of action. *See Catala v. Joombas Co.*, No. 18 Civ. 8401 (PGG), 2019 WL 4803990, at *6
n.10 (S.D.N.Y. Sept. 23, 2019) ("It is well settled that a request for injunctive relief is not an independent cause of
action[.]" (cleaned up)); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) ("Declaratory
judgments and injunctions are remedies, not causes of action.") (citations omitted); *see also Richmond v. F-40
Restoration, LLC*, 467 F. Supp. 3d 20, 25 (D. Conn. 2020) ("Replevin is a statutory remedy under Connecticut law
codified at Section 52-515 of the Connecticut General Statutes." (citing *Cornelio v. Stamford Hosp.*, 246 Conn. 45,
49 (1998))); *Discover Bank v. Hill*, 150 Conn. App. 164, 172 n.8 (2014) ("The prayer for relief does not constitute a
cause of action.").

Accordingly, the Court construes the Fifth and Sixth causes actions as requests for remedies. As such, these requests
are addressed in Section III of this Order, along BMO Harris N.A.'s remaining requests for relief.

For the following reasons, BMO Harris Bank N.A.'s motion for default judgment is **GRANTED** in part and **DENIED** in Part.

Specifically, the Court finds that BMO Harris Bank N.A. is entitled to Default Judgment. But, because BMO Harris Bank N.A. has not provided sufficient documentation from which this Court can determine the damages amount, the Court denies**,** without prejudice, BMO Harris Bank N.A.'s requested damages amount, or any requested injunctive relief.

BMO Harris Bank N.A. may submit supplemental documentation in support of a renewed motion for Default Judgment. Any supplemental filing must include the following:

- Account statement(s), or other record(s), indicating the original loan amount; the outstanding principal balance, the number payments and total amount paid under each loan agreement;

- Record(s) indicating the effective date of the acceleration interest rate of 18%, the number of days, up to and including the date of the new filing, that BMO Harris Bank N.A. believes it is owed that acceleration interest rate, and the total amount owed in unpaid interest under each loan agreement;

- Record(s) to substantiate any post acceleration fees under each loan agreement;

- Affidavit(s) identifying any collateral, secured by any of the loan agreements at issue in this case, which have been seized, sold, and the proceeds received from those sales;

- Affidavit(s) identifying any collateral, secured by any of the loan agreements at issue in this case, which have been seized but not yet sold, and the status of any pending sales of said collateral;

- Attorney fees attributable to Newtown Electric LLC and Mr. Gaydosh; and

- Attorney fees attributable to Timber Hill Farm LLC and Ms. Gaydosh.

2

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

  A.  **Factual Allegations[2]**

  BMO Harris Bank N.A. and Newtown Electric LLC allegedly entered into two loan agreements ("Newtown Electric Loan Agreements") on August 24, 2018. *See* Compl. at 3, ¶ 10. Separately, BMO Harris Bank N.A. and Timber Hill Farm LLC allegedly also entered into a loan agreement ("Timber Hill Loan Agreement") on May 9, 2018. *Id.* at 4, ¶ 16.

  1.  **The Newtown Electric Loan Agreements**

  On August 24, 2018, BMO Harris Bank N.A. entered into two loan agreements with Newtown Electric LLC to finance the purchase of two dump trucks. *See* Compl. at 2, ¶ 9.

  The first loan agreement, in the amount of $206,033.40 with an 8.60% interest rate, was secured by a 2019 Peterbilt Model 389 truck and a 2018 Heritage dump body. *See* Ex. A to Compl., ECF 1-1 ("Loan Agreement One"); Compl. at 3, ¶¶ 10–11. Under Loan Agreement One, Newtown Electric LLC agreed to repay the loan over 86 months in regular installments of $3,268.24 starting on December 1, 2018. *See id.* at 3, ¶ 11. Mr. Gaydosh, the sole member of Newtown Electric LLC, *see* Compl. at 2, ¶ 6, executed a continuing guaranty, *see* Ex. H to Compl. at 1, ECF No. 1-8 ("Loan Agreement One Guaranty"), thereby personally guaranteeing Loan Agreement One.

  Under §5.1 of Loan Agreement One, failure "to pay when due any amount owed" is defined as an "Event of Default." Loan Agreement One at 3, §5.1. "Upon the occurrence of an event of default . . . [BMO Harris Bank N.A.] may . . . (i) declare [Loan Agreement One] to be in

---

[2] For the purposes of a default judgment motion, the Court accepts all facts alleged in the Complaint as true. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."); *see also Adobe Sys. Inc. v. Feather*, 895 F. Supp. 2d 297, 300 (D. Conn. 2012) ("Upon entry of a default, the court accepts as true all of the factual allegations of the complaint, except those relating to damages." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992))).

default, (ii) declare indebtedness . . . to be immediately due and payable . . . (iv) exercise all of the rights and remedies of a secure party under the Uniform Commercial Code[.]" *Id.* at 3, §5.2. Newtown Electric LLC also agreed that in the event of a default, it "shall pay to [BMO Harris Bank N.A.] all expenses of retaking, holding, preparing for sale, selling and the like, including . . . reasonable fees of any attorneys retained by Lender, and . . . all other legal expenses incurred by [BMO Harris Bank N.A.]." *Id.* Newtown Electric LLC further agreed that it would be "liable for any deficiency remaining[,]" with respect to Loan Agreement One, "after any disposition of the Equipment after default." *Id.* Loan Agreement One also included an acceleration of interest provision, under which Newtown Electric LLC agreed to "pay lender, upon acceleration of the . . . indebtedness, interest on all sums then owing . . . at the rate of 1 ½ % [one and a half percent] per month[.]" *Id.* at 3, § 5.3.

 The second loan agreement, in the amount of $217,000.00 with an 8.69% interest rate, was secured by another 2019 Peterbilt Model 389 truck and a 2018 J&J dump body. *See* Ex. B to Compl., ECF 1-1 ("Loan Agreement Two"); Compl. at 3, ¶¶ 12–13. Under Loan Agreement Two, Newtown Electric LLC agreed to repay the loan over 86 months in regular installments of $3,404.51 starting on October 1, 2018. *See id.* at 3, ¶ 13. Mr. Gaydosh likewise executed a continuing guaranty under this agreement, *see* Ex. H to Compl. at 2, ECF No. 1-8 ("Loan Agreement Two Guaranty"), thereby personally guaranteeing Loan Agreement Two.

Under §5.1 of Loan Agreement Two, failure "to pay when due any amount owed" is defined as an "Event of Default." Loan Agreement Two at 3, §5.1. "Upon the occurrence of an event of default . . . [BMO Harris Bank N.A.] may . . . (i) declare [Loan Agreement Two] to be in default, (ii) declare indebtedness . . . to be immediately due and payable . . . (iv) exercise all of the rights and remedies of a secure party under the Uniform Commercial Code[.]" *Id.* at 3, §5.2.

Newtown Electric LLC also agreed that in the event of a default, it "shall pay to [BMO Harris Bank N.A.] all expenses of retaking, holding, preparing for sale, selling and the like, including . . . reasonable fees of any attorneys retained by [BMO Harris Bank N.A.], and . . . all other legal expenses incurred by [BMO Harris Bank N.A.]." *Id.* Newtown Electric LLC further agreed that it would be "liable for any deficiency remaining[,]" with respect to Loan Agreement Two, "after any disposition of the Equipment after default." *Id.* Loan Agreement Two also included an acceleration of interest provision, under which Newtown Electric LLC agreed to "pay lender, upon acceleration of the . . . indebtedness, interest on all sums then owing . . . at the rate of 1 ½ % [one and a half percent] per month[.]" *Id.* at 3, § 5.3.

BMO Harris Bank N.A. perfected its security interests in both dump trucks by recording its liens with the Connecticut Department of Motor Vehicles. *See* Compl. at 3–4, ¶ 14; Ex. C to Compl., ECF No. 1-3 (May 10, 2022). The Newtown Electric Loan Agreements were subsequently modified on May 27, 2020, allowing for a three-month deferment and a corresponding extension of the maturity date. *See* Ex. D to Compl., ECF No. 1-4 (May 10, 2022) ("Newtown Electric Modification Agreements").

On April 13, 2022, BMO Harris Bank N.A. sent a "Notice of Default and Acceleration" to Newtown Electric LLC informing it that the Newtown Electric Loan Agreements are in default. *See* Ex. J to Compl. at 1, ECF No. 1-10 (May 10, 2022) ("Newtown Electric Notice of Default"). BMO Harris Bank N.A. informed Newtown Electric LLC that, as a result of the alleged defaults, BMO Harris Bank N.A. elected to exercise its rights under the Newtown Electric Loan Agreements, and to accelerate the debts. *Id.* As of April 13, 2022, according to BMO Harris Bank N.A., "the accelerated balance due" under the Newtown Electric Loan Agreements was "$302,569.37, representing all principal, interest, taxes due and late fees." *Id.*

BMO Harris Bank N.A. requested that "all Equipment[s] securing the Agreement[s] be surrendered immediately." *Id.*

Also, on April 13, 2022, BMO Harris Bank N.A. sent a "Notice of Default Respecting Guaranty" to Mr. Gaydosh, *see* Ex. J to Compl. at 3, ECF No. 1-10 (May 10, 2022) ("Newtown Electric LLC Guarantor Notice"), reiterating that Mr. Gaydosh, as guarantor, had "absolutely and unconditionally guaranteed the obligations" of Newtown Electric LLC under the guaranty agreement signed on August 24, 2018. *Id.* In light of the alleged defaults, BMO Harris Bank N.A. indicated that it had elected to accelerate the debts under the Newtown Electric Loan Agreements, resulting in a combined "accelerated balance due as of . . . \$302,569.37, representing all principal, interest, taxes due and late fees." *Id.* BMO Harris Bank N.A. also noted that as a guarantor, Mr. Gaydosh "will be responsible for all additional fees, costs and expenses, including without limitation, attorney's fees, accruing after this date." *Id.*

### 2. The Timber Hill Farm LLC Loan Agreement

On May 9, 2018, BMO Harris Bank N.A. entered into a loan agreement with Timber Hill Farm LLC to finance the purchase of a dump truck. *See* Ex. E to Compl., ECF No. 1-5 (May 10, 2022) ("Loan Agreement Three"). Loan Agreement Three, in the amount of \$212,310.21 with an 8.29% interest rate, was secured by a 2019 Peterbilt Model 389 truck and a 2018 J&J dump body. *See* Compl. at 4, ¶¶ 16–17. Under Loan Agreement Three, Timber Hill Farm LLC agreed to repay the loan over 86 months in regular installment of \$3,299.43 starting on July 1, 2018. *See* Loan Agreement Three at 1; Compl. at 4, ¶ 17. Ms. Gaydosh, the sole member of Timber Hill Farm LLC, *see* Compl. at 5, ¶ 22, executed a continuing guaranty, *see* Ex. I to Compl. at 1, ECF No. 1-9 (May 10, 2022) ("Loan Agreement Three Guaranty"), thereby personally guaranteeing Loan Agreement Three.

Under §5.1 of the Loan Agreement Three, failure "to pay when due any amount owed" is defined as an "Event of Default." Loan Agreement Three at 3, §5.1. "Upon the occurrence of an event of default . . . [BMO Harris Bank N.A.] may . . . (i) declare [Loan Agreement Three] to be in default, (ii) declare indebtedness . . . to be immediately due and payable . . . (iv) exercise all of the rights and remedies of a secure party under the Uniform Commercial Code[.]" *Id.* at 3, §5.2. Timber Hill Farm LLC also agreed that in the event of a default, it "shall pay to [BMO Harris Bank N.A.] all expenses of retaking, holding, preparing for sale, selling and the like, including . . . . reasonable fees of any attorneys retained by Lender, and . . . all other legal expenses incurred by [BMO Harris Bank N.A.]." *Id.* Timber Hill Farm LLC further agreed that it would be "liable for any deficiency remaining[,]" with respect to Loan Agreement Three, "after any disposition of the Equipment after default." *Id.* Loan Agreement Three also included an acceleration of interest provision, under which Newtown Electric LLC agreed to "pay lender, upon acceleration of the . . . indebtedness, interest on all sums then owing . . . at the rate of 1 ½ % [one and a half percent] per month[.]" *Id.* at 3, § 5.3.

BMO Harris Bank N.A. perfected its security interests in the dump truck by recording its lien with the Connecticut Department of Motor Vehicles. *See* Compl. at 4, ¶ 18. Loan Agreement Three was subsequently modified on May 27, 2020, allowing for a three-month deferment and a corresponding extension of the maturity date. *See* Ex. G to Compl., ECF No. 1-7 (May 10, 2022) ("Timber Hill Farm Modification Agreement").

On April 13, 2022, BMO Harris Bank N.A. sent a "Notice of Default and Acceleration" to Timber Hill Farm LLC informing Timber Hill Farm LLC that it is in default with respect to Loan Agreement Three. *See* Ex. J to Compl. at 5, ECF No. 1-10 (May 3, 2022) ("Timber Hill Farm Default Notice"). BMO Harris Bank N.A. informed Timber Hill Farm LLC that, as a result

of the alleged default, BMO Harris Bank N.A. elected to exercise its rights under Loan

Agreement Three and to accelerate the debt. *Id.* As of April 13, 2022, according to BMO Harris

Bank N.A., "the accelerated balance due" under Loan Agreement Three was "$141,547.00,

representing all principal, interest, taxes due and late fees." *Id.* BMO Harris Bank N.A. requested

that "all Equipment[s] securing the Agreement[s] be surrendered immediately." *Id.*

Also, on April 13, 2022, BMO Harris Bank N.A. sent a "Notice of Default Respecting

Guaranty" to Ms. Gaydosh. *See* Ex. J to Compl., ECF No. 1-10 at 7 (May 10, 2022) ("Timber

Hill Farm Guarantor Notice"), reiterating that Ms. Gaydosh, as guarantor, had "absolutely and

unconditionally guaranteed the obligations" of Timber Hill Farm LLC under the guaranty

agreement signed on May 9, 2018. *Id.* In light of the alleged default, BMO Harris Bank N.A.

indicated that it had elected to accelerate the debts under Loan Agreement Three, resulting in an

"accelerated balance due as of . . . $141,547.00, representing all principal, interest, taxes due and

late fees." *Id.* BMO Harris Bank N.A. also noted that as a guarantor, Ms. Gaydosh "will be

responsible for all additional fees, costs and expenses, including without limitation, attorney's

fees, accruing after this date." *Id.*

As of April 20, 2022, BMO Harris Bank N.A. had possession of the Timber Hill Farm

LLC dump truck, which secured Loan Agreement Three. *See* Compl. at 5, ¶ 20. At the time of

this filing, BMO Harris Bank N.A. indicated it was seeking to sell the Timber Hill Farm LLC

dump truck and BMO Harris Bank N.A. intends to apply the proceeds from that sale to Loan

Agreement Three. *Id.*

### 3. BMO Harris Bank N.A. Damages

As a result of the alleged default of Loan Agreement One, Newtown Electric LLC and

Mr. Gaydosh allegedly owe BMO Harris Bank N.A. "not less than $151,855.31 as of April 13,

2022, with interest at the Default Rate of 18% per annum continuing to accrue in the amount of $72.30 per day[.]" Compl. at 8, ¶ 39(a). The alleged damages of $151,855.31 are comprised of $144,591.97 in outstanding principal balance, $6,763.34 in unpaid interest and fees, and $500 in "Other Post-Acceleration Fees." *Id.* at 9, ¶ 42.

As a result of the alleged default of Loan Agreement Two, Newtown Electric LLC and Mr. Gaydosh allegedly owe BMO Harris Bank N.A. "not less than $150,714.06 as of April 13, 2022, with interest at the Default Rate of 18% per annum continuing to accrue in the amount of $71.83 per day." *Id.* at 8, ¶ 39(b). The alleged damages of $150,714.06 are comprised of $143,661.36 in outstanding principal balance, $6,552.70 in unpaid interest and fees, and $500 in "Other Post-Acceleration Fees." *Id.* at 9, ¶ 42.

As a result of the alleged default of Loan Agreement Three, Timber Hill Farm LLC and Ms. Gaydosh allegedly owe BMO Harris Bank N.A. "not less than $141,547.00 as of April 13, 2022, with interest at the Default Rate of 18% per annum continuing to accrue in the amount of $66.87 per day." *Id.* at 8, ¶ 40. The alleged damages of $141,547.00 are comprised of $133,743.12 in outstanding principal balance, $6,253.88 in unpaid interest and fees, and $1,500 in "Other Post-Acceleration Fees." *Id.* at 9, ¶ 42.[3]

### B.  Procedural History

On May 10, 2022, BMO Harris Bank N.A. filed this suit against Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC and Ms. Gaydosh asserting state law claims of breaches of contracts and guaranties. Plaintiff also sought injunctive relief and an order of replevin. *See* Compl. at 9–15, ¶¶ 43-81.

---

[3] In the Motion for Default Judgment, BMO Harris Bank N.A. submitted an updated figure for unpaid interest with respect to each loan. The updated figures accounts for unpaid interest after the filing of the complaint. *See infra* § III(B).

Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC, and Ms. Gaydosh did not file appearances or responses to the Complaint.

On June 7, 2022, BMO Harris Bank N.A. filed a motion for Injunctive Relief and an Order of Replevin. *See* Mot. for Injunctive Relief and Order of Replevin, ECF No. 7. BMO Harris Bank N.A. also filed an Affidavit in support of its Mot. for Injunctive Relief and Order of Replevin. *See* Aff. in Supp. of BMO Harris Bank N.A.'s Mot., ECF No. 8 ("Injunction and Replevin Affidavit").

On June 15, 2022, BMO Harris Bank N.A. filed a return of executed summonses. *See* Summons Returned Executed, ECF No. 10.

On July 13, 2022, BMO Harris Bank N.A. filed a motion for entry of default under Federal Rule of Civil Procedure 55(a). *See* Request for Entry of Default, ECF No. 11 ("Mot. for Default Entry").

On July 15, 2022, BMO Harris Bank N.A. filed a certificate of service, certifying that it has served defendants, via first class mail, ECF Nos. 11 (Motion for Entry of Default), 12 (Declaration of Christopher Lynch in Support of Motion for Entry of Default) and 13 (Certificate of No Objection regarding Motion for Injunctive Relief and Order of Replevin). *See* Certificate of Serv., ECF No. 14 ("Certificate of Service").

On July 18, 2022, the Court granted BMO Harris Bank N.A.'s Motion for Default Entry under Federal Rule of Civil Procedure 55(a). *See* Order, ECF No. 15. The Court ordered BMO Harris Bank N.A. to file a motion for default judgment under Federal Rule of Civil Procedure 55(b) by August 17, 2022. *See id.*

On the same day, by July 29, 2022, the Court ordered Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC, and Ms. Gaydosh to show cause, why BMO Harris Bank

N.A.'s Motion for Injunctive Relief and Order of Replevin should not be granted. *See* Order, ECF No. 16.

On July 20, 2022, BMO Harris Bank N.A. filed a Certificate of Service indicating that it had mailed Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC, and Ms. Gaydosh the Court's order granting BMO Harris Bank N.A.'s Motion for Default Entry. *See* Certificate of Serv., ECF No. 17.

On August 17, 2022, BMO Harris Bank N.A. filed a motion for Default Judgment under Federal Rules of Civil Procedure 55(b). Mot. for Default J.

On August 18, 2022, BMO Harris Bank N.A. filed a Certificate of Service certifying that it had mailed Defendants a copy of its Motion for Default Judgment, ECF No. 18. *See* Certificate of Serv., ECF No. 19.

On November 29, 2022, the Court scheduled a hearing on the Motion for Default Judgment and directed BMO Harris Bank N.A. to mail notice of the hearing and the details thereof to the Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC, and Ms. Gaydosh. The Court also ordered BMO Harris Bank N.A. to file a Certificate of Compliance with the Court's Order. *See* Order, ECF No. 25.

On November 30, 2022, BMO Harris Bank N.A. filed a Certificate of Compliance indicating that it had mailed the Notice of Hearing to the Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC and Ms. Gaydosh. *See* Certificate of Compliance, ECF No. 26.

One December 1, 2022, the Court entered an Order indicating that BMO Harris Bank N.A.'s Certificate of Compliance was deficient, as it did not include the attendance details for the hearing. The Court ordered BMO Harris Bank N.A. to resend the Notice with the appropriate details. *See* Order, ECF No. 27

On December 2, 2022, BMO Harris Bank N.A. filed a second Certificate of Compliance indicating that it had provided Newtown Electric LLC, Mr. Gaydosh, Timber Hill Farm LLC and Ms. Gaydosh the appropriate notice for the hearing. *See* Certificate of Serv., ECF No. 28.

On December 12, 2022, the Court held a hearing on the Motion for Default Judgment. *See* Minute Entry, ECF. No. 29.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must obtain an entry of default under Rule 55(a) by showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must "seek a judgment by default under Rule 55(b)." *Priestley*, 647 F.3d at 505.

A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability," but "it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). A court is required, on a motion for default judgment, "to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor, but it is also required to determine whether [the plaintiff's] allegations establish [the defaulting defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (internal citations omitted); *see also Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 57 (2d Cir. 2013) (summary order) ("Conclusory allegations . . . are insufficient; a complaint must plead 'specific facts or circumstances' supporting them." (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996))).

Once a court establishes the defaulting defendant's liability, it must "conduct an inquiry

in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec.*
*(USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims*
*Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Damages must be
established by proof, unless the damages are liquidated or "susceptible of mathematical
computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). While all reasonable
inferences from the evidence presented are drawn in the moving party's favor, *see Au Bon Pain*
*Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), "[t]he burden is on the plaintiff to establish
its entitlement to recovery," *Bravado Int'l Grp. Merchandising Serv., Inc. v. Ninna, Inc.*, 655 F.
Supp. 2d 177, 189 (E.D.N.Y. 2009) (citing *Greyhound*, 973 F.2d at 158).

## III.    DISCUSSION

BMO Harris Bank N.A. has moved for default judgment, seeking compensatory damages
for breaches of contracts, costs, and attorneys' fees as to Newtown Electric LLC, Mr. Gaydosh,
Timber Hill Farm LLC, and Ms. Gaydosh. BMO Harris Bank N.A. also seeks an order enjoining
Newtown Electric LLC from further use of the collateral and directing Newtown Electric LLC to
advise it of the location of the collateral and to surrender or otherwise make the collateral
available to BMO Harris Bank N.A.

In support of its motion for default judgment, BMO Harris Bank N.A. relies on the
following documents: an affidavit from Sheila Aschendrenner, a custodian of BMO Harris Bank
N.A.'s business record, *see* Ex. A to Mot. for Default J., ECF No. 18-1 (Aug. 17, 2022)
("Aschenbrenner Affidavit"); a declaration from its attorney Richard J. Tannenbaum, Esq., *see*
Ex. B to Mot. for Default J., ECF No. 18-2 (Aug. 17, 2022) ("Tannenbaum Declaration"); and its
Complaint, along with the exhibits attached thereto. *See* Mot. for Default J. at 2, ¶ 8.

The Court will address the basis for relief, and the specific relief requested in turn.

## A. The Breach of Contract Claim

The Court must first determine the law that governs the parties' contract. A federal court sitting in diversity applies the choice-of-law rules of the forum state. *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 169 (2d Cir. 2012). "Connecticut indubitably favors enforcement of contractual choice of law provisions." *Blakeslee Arpaia Chapman, Inc. v. Helmsman Mgmt. Servs., Inc.,* No. 443753, 2002 WL 172670, at *2 (Conn. Super. Ct. Jan. 9, 2002) (citation omitted); *see also Reichhold Chemicals, Inc. v. Hartford Accident & Indem. Co.*, 252 Conn. 774, 788 (2000) ("Connecticut . . . favor[s] enforcement of contractual choice of law provisions[.]").

The choice-of-law provision, which is identical in all three agreements, establishes that Illinois law governs here. *See, e.g.*, Loan Agreement One at 4, § 7.6 ("**Governing Law/Choice of Venue** . . . . The transactions contemplated by this Agreement shall deemed approved and entered into within the State of Illinois and all credit or other financial accommodations extended . . . under this Agreement shall be deemed extended from and subject to law of the State of Illinois[.]") (emphasis in original).

Under Illinois law, in order to recover for a breach of contract, a plaintiff must allege: "(i) the existence of a valid and enforceable contract, (ii) performance by the plaintiff, (iii) breach of the contract by the defendant, and (iv) [a] resultant injury to the plaintiff." *Babbitt Municipalities, Inc. v. Health Care Serv. Corp.*, 64 N.E.3d 1178, 1186 (Ill. App. Ct. 1st Dist. 2016).

All four elements are clearly met here. First, BMO Harris Bank N.A. entered into two loan agreements with Newtown Electric LLC on August 24, 2018, *see* Newtown Electric Loan Agreements, and BMO Harris Bank N.A. entered into a separate loan agreement with Timber Hill Farm LLC, *see* Loan Agreement Three. Second, under these loan agreements, BMO Harris

14

Bank N.A. provided funding to finance the purchase of various equipment thereby fully performing its promise. *See* Loan Agreement One at 1; Loan Agreement Two at 1; Loan Agreement Three at 1. Third, Newtown Electric LLC and Timber Hill Farm LLC, and their respective guarantors, were obligated to repay the loan over 86 months in regular installment, *see id.*, which they have failed to do and thus breaching the agreements, *see* Newtown Electric Notice of Default; Timber Hill Farm Notice of Default. Finally, BMO Harris Bank N.A. suffered damages by not being able to collect the loan payments as contemplated by the loan agreements. *See* Aschenbrenner Affidavit.

BMO Harris Bank N.A. therefore is entitled to a default judgment on its breach of contract claims.

### B. Damages

"Once a court determines that a plaintiff is entitled to default judgment as a matter of law, it must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *MBC Ventures, LLC v. X-Ray Accessory Corp.*, No. 3:20-CV-01319 (MPS), 2021 WL 8993790, at *2 (D. Conn. May 28, 2021) (quoting *Credit Lyonnaise Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "A district court has the discretion to determine the amount of damages to be included in a default judgment by an evidentiary hearing, detailed affidavits, or documentary evidence." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006). Although a district court is not required to hold an evidentiary hearing to ascertain the amount of damages, it must "ensure[]that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir. 1989).

In a breach of contract involving a loan agreement, "[d]amages are calculated by summing the outstanding balance on the loan and the accrued interest." *MBC Ventures*, 2021 WL 8993790, at *2 (citing *United States v. Cohan*, 111 F. Supp. 3d 166, 176 (D. Conn. 2015)). The affidavits, loan documents and other exhibits attached to the Complaint and motion for default judgment form an adequate basis for the Court to determine damages. *See Action S.A. v. Marc Rich & Co., Inc.* 951 F.2d 504, 508 (2nd Cir. 1991) ("[W]e have upheld an award of damages where 'the District Court relied upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record[.]'" (quoting *Fustok*, 873 F.2d at 40)).

As an initial matter, the Court notes that the record here shows that Newtown Electric LLC and Mr. Gaydosh, by virtue of having executed a guaranty agreement with respect to the Newtown Electric LLC Loan Agreements, are jointly and severally liable for any damages arising from those agreements. *See* Newtown Electric Loan Agreements; Loan Agreement One Guaranty; Loan Agreement Two Guaranty. Likewise, Timber Hill Farm LLC and Ms. Gaydosh are jointly and severally liable for any damages arising from Loan Agreement Three. *See* Loan Agreement Three Guaranty. The record, however, does not show that Mr. Gaydosh and Ms. Gaydosh are jointly and severally liable for the damages in this action, and BMO Harris Bank N.A. does not assert otherwise. As a result, Mr. Gaydosh and Ms. Gaydosh, are each solely liable for damages arising from their own agreements.

Accordingly, the Court will address the damages owed by each Defendant separately.

### a.  Newtown Electric LLC

BMO Harris Bank N.A. requests damages as to Loan Agreement One in the amount of $160,459.01, consisting of $144,591.97 in unpaid principal balance, $15,367.04 in default

interest rate at the default rate of 18% per annum, or $72.30 per day until the entry of judgment, and $500 in "Other Post-Acceleration Fees[4]." Aschenbrenner Affidavit at 9–10, ¶ 37.

BMO Harris Bank N.A. requests damages as to Loan Agreement Two in the amount of $159,261.83, consisting of $143,661.36 in unpaid principal balance, $15,100.47 in default interest rate at the Default rate of 18% per annum, or $71.83 per day until the entry of judgment, and $500 in "Other Post-Acceleration Fees." *Id.*

In addition to the outstanding principal balances and unpaid interest and fees, BMO Harris Bank N.A. requests injunctive relief against Newtown Electric LLC.

The Court will address each request in turn.

### i. Outstanding Principal Balance

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Alcantara*, 183 F.3d at 155. The Court is therefore required to "assess[] plaintiff's evidence supporting the damages" it is requesting. *Id.*

On this record, the Court is not able "ascertain the amount of damages with reasonable certainty[,]" *id.*, as the record does not contain supporting documents to substantiate BMO Harris Bank N.A.'s purported outstanding principal balance under the Newtown Electric Loan Agreements. Although the loan agreements contain the original loan amounts, and the modification agreements reflect a revised outstanding principal balance as of March 1, 2020, *see* Newtown Electric Modification Agreement at 1, there is no evidence on the record which would explain, with reasonable certainty, BMO Harris Bank N.A.'s asserted damages of outstanding

---

[4] BMO Harris Bank N.A. provides no basis to support the amount it requested for "Other Post-Acceleration Fees" from each Defendant. "The burden is on the plaintiff to establish its entitlement to recovery[.]" *Bravado Int'l Grp.*, 655 F. Supp. 2d at 189 (citing *Greyhound*, 973 F.2d at 158). BMO Harris Bank N.A. does not meet its burden here.

principal balance.

For example, BMO Harris Bank N.A. does not submit an official record, *i.e.,* a balance statement, indicating the actual outstanding principal balances under each loan; nor does it include detailed payments made over the life of the loan prior to the alleged default, which the Court may use to conduct its own calculation of the outstanding principal balance under the Newtown Electric Loan Agreements. The Court therefore is unable to determine, "with reasonable certainty[,]" *Alcantara*, 183 F.3d at 155, the principal balance owed under the Newtown Electric LLC Loan Agreements.

Accordingly, BMO Harris Bank N.A.'s requests for outstanding principal balance under the Newtown Electric Loan Agreements as to Newtown Electric LLC and Mr. Gaydosh are denied without prejudice to refiling with the appropriate documentation.

### ii.   Default Interest

BMO Harris Bank N.A. asserts that it is owed $15,367.04 and $15,100.47 in "unpaid interest and fees" under Loan Agreements One and Two respectively. *See* Aschenbrenner Affidavit at 9–10, ¶ 37. The Newtown Electric Loan Agreements include an acceleration of interest provision, under which Newtown Electric LLC agreed to "pay lender, upon acceleration of the . . . indebtedness, interest on all sums then owing . . . at the rate of 1 ½ % [one and a half percent] per month[.]" Newtown Electric LLC Loan Agreements at 3, § 5.3, ("Acceleration Interest Rate"). BMO Harris Bank N.A. correctly calculated the Acceleration Interest Rate to be 18%.[5] Relying on this Acceleration Interest Rate, BMO Harris Bank N.A. concludes that the daily interest would equal $72.30 under Loan Agreement One and $71.83 under Loan

---

[5] Section 5.3 of the loan agreement provides that "Debtor agrees to pay lender, upon acceleration of the . . . indebtedness, interest on all sums then owing . . . at the rate of 1 ½ % [one and a half percent] per month[.]" Newtown Loan Agreements at 3, § 5.3. Compounded, 1.5% monthly interest rate would yield an annual interest rate of 18% (1.5 percent x 12 months).

Agreement Two.[6] *See* Aschenbrenner Affidavit at 9, ¶ 34. This daily amount, however, is predicated on a specific outstanding principal balance. Until the Court is able to determine, with reasonable certainty, the outstanding principal balance, BMO Harris Bank N.A.'s purported daily interest charges are premature.

BMO Harris Bank N.A.'s calculation of unpaid interest is deficient for another independent reason. The record does not contain a sufficient basis for the Court to determine the number of days that BMO Harris Bank N.A. owed this purported amount of unpaid interest. Although the Aschenbrenner Affidavit indicates that Newtown Electric LLC failed to make payments, it does not specify when Newtown Electric LLC stopped making payments. *See* Aschenbrenner Affidavit at 8, ¶¶ 27–28 ("Newtown Electric LLC is in default under the terms and conditions of the Newtown Electric LLC Loan Agreements, having failed, *inter alia*, to make payments when due thereunder."). Similarly, the Notice of Default and Acceleration, dated April 13, 2022, does not show the date of the last payment. *See* Newtown Electric LLC Notice of Default at 1 ("As you know, Borrower is in default under the Agreement for failing to make the scheduled payments as and when due.").

Absent a basis for calculating the number of days BMO Harris Bank N.A. is owed acceleration interest, the Court is unable determine how much BMO Harris Bank N.A. is owed in unpaid interest.

Accordingly, BMO Harris Bank N.A. requests for unpaid interest as to Newtown Electric

---

[6] The Payment Schedule of the loan agreements set forth "360-day year of twelve 30-day months." *See* Loan Agreement One at 1. Using this schedule, the daily interest charge can be calculated as follows:

- Under Loan Agreement One, assuming a principal balance of $144,591.97 at the default rate of 18%, the daily interest charge would be $72.30: Outstanding Principal Balance x (Default Interest Rate/360 days), or $144,591.97 x (0.18/360) = $72.30.
- Under Loan Agreement Two, assuming a principal balance of $143,661.36 at the default rate of 18%, the daily interest charge would be $71.83. Outstanding Principal Balance x (Default Interest Rate/360 days), or $143,661.36 x (0.18/360) = $71.83.

LLC and Mr. Gaydosh is denied without prejudice to refiling with the appropriate documentation.

### iii.   Injunctive Relief

BMO Harris Bank N.A. also requests that this Court "enjoin[s] [Newtown Electric LLC] from further use of the Newtown Electric LLC Collateral as well as directing Defendants to advise Plaintiff of the location of the Newtown Electric LLC Collateral and to surrender to Plaintiff or otherwise make the Newtown Electric LLC Collateral available to Plaintiff[.]" Mot. for Default J. at 4, ¶ iv.[7]

Injunctive relief, however, is an exceptional remedy. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 146–47 (2d Cir. 2020) ( "[I]njunctive relief is only proper when a plaintiff, lacking an adequate remedy at law, is likely to suffer from injury at the hands of the defendant if the court does not act in equity."). Indeed, "the classic remedy for breach of contract is an action at law for damages." *Gulf & W. Corp. v. Craftique Productions, Inc.*, 523 F. Supp. 603, 607 (S.D.N.Y. 1981). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

Here, BMO Harris Bank N.A. has a remedy at law for its injuries—namely money damages. Indeed, through this case, BMO Harris Bank N.A. has requested such a remedy which the Court has now granted, subject to a record that is sufficient to calculate the damages amount. Thus, because "the injury [that BMO Harris Bank N.A.] complained of may be compensated by

---

[7] BMO Harris Bank N.A. also filed a motion for injunctive relief. *See* Mot. for Injunctive Relief and Order of Replevin, ECF No. 7. Because the injunctive relief requested in that motion is identical the injunctive relief BMO Harris Bank N.A. requested in its motion for Default Judgment, the Court addresses both requests as part of this Order.

an award of monetary damages, . . . an adequate remedy at law exists and no irreparable harm may be found as a matter of law." *Gulf & W.*, 523 F. Supp. at 607.

At this time, the Court therefore declines to grant BMO Harris Bank N.A.'s additional request for injunctive relief—namely, issuing an Order enjoining Newtown Electric LLC, "from further use of the Newtown Electric LLC Collateral as well as directing Defendants to advise Plaintiff of the location of the Newtown Electric LLC Collateral and to surrender to Plaintiff or otherwise make the Newtown Electric LLC Collateral available to Plaintiff[.]" Mot. for Default J. at 4, ¶ iv; *see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]").

The Court's denial of BMO Harris Bank N.A.'s request for injunctive relief, however, does nothing to impair BMO Harris Bank N.A.'s rights under its agreements; specifically, BMO Harris Bank N.A.'s right to repossess the collateral to satisfy any judgment issued by this Court, as contemplated in § 5.2(iv) of the loan agreements.[8] This denial also is without prejudice to BMO Harris Bank N.A. seeking such injunctive relief as a means to satisfy any monetary judgment ultimately awarded by the Court. *See In re Yale Exp. Sys., Inc.*, 370 F.2d 433, 437 (2d Cir. 1966) (noting that, under the Uniform Commercial Code, a "secured party has the right upon default by the debtor to take possession of the collateral . . . and to sell, lease or otherwise dispose of it, applying the proceeds to the indebtedness"); *see also Gaynor v. Union Tr. Co.*, 216 Conn. 458, 465 n.4 (1990) ("A secured party after default may sell, lease or otherwise dispose of

---

[8] Indeed, during the Motion for Default Judgment hearing on December 12, 2022, counsel for BMO Harris Bank N.A. indicated that BMO Harris Bank N.A. has, in fact, seized the collateral for one of its loan agreements after the filing of this motion. *See* Minute Entry, ECF No. 29. This admission suggests that BMO Harris Bank N.A. is aware of its rights under its agreement and has exercised them without this Court's involvement. The Court therefore sees no current need to grant the exceptional remedy of injunctive relief.

any or all of the collateral in its then condition or following any commercially reasonable preparation or processing." (citing Conn. Gen. Stat. § 42a-9-610 – Disposition of collateral after default)).

### b.  Timber Hill Farm LLC

BMO Harris Bank N.A. requests damages as to Loan Agreement Three in the amount of $149,929.53, consisting of $133,743.12 in unpaid principal balance, $14,211.41 in default interest rate at the Default rate of 18% per annum, or $66.87 per day until the entry of judgment, and (iii) $1,975.00 in "Other Post-Acceleration Fees." *See* Aschenbrenner Affidavit at 9–10, ¶ 37.

For the reasons discussed above *supra* § III.B(a)(i)-(ii), and consistent with the Court's obligation to determine the appropriate damages amount, *see Alcantara*, 183 F.3d at 155, on this record, the Court is unable to determine, with reasonable certainty, the damages amount Timber Hill Farm LLC owe to BMO Harris Bank N.A.

Accordingly, BMO Harris Bank N.A. request for damages as to Timber Hill Farm LLC and Ms. Gaydosh is denied without prejudice to refiling with the appropriate documentation.

### C.  Attorneys' Fees

In addition to damages for breach of contract, BMO Harris Bank N.A. seeks attorneys' fees under § 5.2 of the loan agreements. *See, e.g.*, Loan Agreement One at 3, § 5.2 ("Debtor shall also pay to Lender . . . the reasonable fees of any attorneys retained by Lender[.]"). "The Second Circuit requires attorneys to submit contemporaneous billing records, documenting the date, hours expended and nature of the work they performed[,]" *Joe Hand Promotions Inc. v. Trenchard*, No. 12CV1099 (SRU), 2014 WL 854537, at *5 (D. Conn. Mar. 3, 2014), and "where documentation of billable hours expended is deficient, the Court may reduce the award

accordingly[,]" *Fernandez v. N. Shore Orthopedic Surgery & Sports Med., P.C.*, No. CIV. A. CV 96-4489, 2000 WL 130637, at *3 (E.D.N.Y. Feb. 4, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

BMO Harris Bank N.A. contends that it "has incurred attorney's fees in the amount of $11,965.00, and costs in the amount of $673.30." Mot. for Default J. at 2; *see also* Tannenbaum Affidavit at 2, ¶ 7. In support of its request for attorneys' fees and costs, BMO Harris Bank N.A. submits a sworn affidavit of its counsel, which includes billing entries documenting the date and hours expended and the nature of the work performed by each individual who worked on this case. *See* Tannenbaum Affidavit.

The billing entries, however, do not separate the cost by Defendant. As a result, it is not possible, on this record, to determine how much is attributable to each Defendant. As noted above, Newtown Electric LLC and Timber Hill Farm LLC are not jointly and severally liable. The Court therefore is unable to ascertain, "with reasonable certainty[,]" *see Alcantara*, 183 F.3d at 155, the attorneys' attributable to each Defendant. Here, the damages, which flow from separate loan agreements, are pled separately, and any award for damages therefore must be attributed to each defendant separately.

Accordingly, BMO Harris Bank N.A.'s request for attorneys' fees is also denied without prejudice to refiling with the appropriate documentation.

## IV.  CONCLUSION

For the foregoing reasons, BMO Harris Bank N.A.'s motion for default judgment is **GRANTED** in part and **DENIED** in Part.

Specifically, the Court finds that BMO Harris Bank N.A. is entitled to Default Judgment. But, because BMO Harris Bank N.A. has not provided sufficient documentation from which this

Court can determine the damages amount, the Court denies**,** without prejudice, BMO Harris Bank N.A.'s requested damages amount, or any requested injunctive relief.

BMO Harris Bank N.A. may submit supplemental documentation in support of a renewed motion for Default Judgment. Any supplemental filing must include the following:

- Account statement(s), or other record(s), indicating the original loan amount; the outstanding principal balance, the number payments and total amount paid under each loan agreement;

- Record(s) indicating the effective date of the acceleration interest rate of 18%, the number of days, up to and including the date of the new filing, that BMO Harris Bank N.A. believes it is owed that acceleration interest rate, and the total amount owed in unpaid interest under each loan agreement;

- Record(s) to substantiate any post acceleration fees under each loan agreement;

- Affidavit(s) identifying any collateral, secured by any of the loan agreements at issue in this case, which have been seized, sold, and the proceeds received from those sales;

- Affidavit(s) identifying any collateral, secured by any of the loan agreements at issue in this case, which have been seized but not yet sold, and the status of any pending sales of said collateral;

- Attorney fees attributable to Newtown Electric LLC and Mr. Gaydosh; and

- Attorney fees attributable to Timber Hill Farm LLC and Ms. Gaydosh.


**SO ORDERED** at Bridgeport, Connecticut, this 16th day of December, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE