UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br>    *Plaintiff*,<br><br>    v.<br><br>NEWTOWN ELECTRIC LLC, TIMBER HILL FARM LLC, BARBARA L. GAYDOSH, and GARY M. GAYDOSH<br>    *Defendants*. | No. 3:22-cv-651 (VAB) |

**RULING AND ORDER ON RENEWED MOTION FOR DEFAULT JUDGMENT**

BMO Harris Bank N.A. ("Plaintiff") has sued Newtown Electric LLC, Timber Hill Farm LLC, Barbara L. Gaydosh ("Ms. Gaydosh"), and Gary M. Gaydosh ("Mr. Gaydosh"), (collectively the "Defendants"), asserting state law breach of contract claims and requesting injunctive relief. *See* Compl. ¶¶ 43–81, ECF No. 1 (May 10, 2022) ("Compl."). The Defendants did not appear in this case.

On July 13, 2022, BMO Harris Bank N.A. filed a motion for entry of default, *see* Mot. for Default Entry, ECF No. 12, which the Court granted on July 18, 2022, *see* Order, ECF No. 15.

On August 17, 2022, BMO Harris Bank N.A. filed a motion for default judgment. *See* Mot. for Default Judgement, ECF No. 18.

On December 16, 2022, the Court granted in part and denied in part the BMO Harris Bank N.A.'s motion for Default Judgment. *See* Order, ECF No. 30 ("Order"). Specifically, the Court found that although BMO Harris Bank N.A. was entitled to default judgment, it had not provided sufficient documentation from which the Court could determine the damages amount that it is owned. *See id.* at 2, 23–24. The Court permitted BMO Harris Bank N.A. to supplement

1

its motion.

On March 1, 2023, BMO Harris Bank N.A. submitted additional documentation in support of it renewed request for default judgment. Specifically, BMO Harris Bank N.A. submitted a supplemental affidavit from it counsel regarding cost for attorney fees that it is owned, *see* Suppl. Aff. of Richard J. Tannenbaum in Supp. of Mot. for Summ. J., ECF No. 31 ("Tannenbaum Suppl. Aff."); a supplemental affidavit from the BMO Harris Bank N.A.'s custodian of record, Sheila Aschenbrenner, *see* Suppl. Aff. of Sheila Aschenbrenner in Supp. of Mot. for Summ. J., ECF No. 32 ("Aschenbrenner Suppl. Aff."); and a proposed default judgment order, *see* Pl.'s Proposed Order, ECF No. 33 ("Proposed Order").

For the following reasons, and consistent with the Court's December 16, 2022 Ruling and Order, Harris Bank N.A.'s request for default judgement is **GRANTED** as follows:

**As to Newtown Electric LLC and Gary M. Gaydosh:**

- $362,890.61 in damages in favor of BMO Harris Bank N.A., inclusive of $8,425.53 in attorney fees and costs. Consistent with its rights under § 5.2(iv) of the Newtown Electric LLC Loan Agreements, BMO Harris Bank N.A. may repossess the remaining collateral to satisfy this judgment.

- Newtown Electric LLC and Mr. Gaydosh are directed to surrender or otherwise make available the remaining collateral—namely the 2018 heritage dump body identified by serial number HS2245; 2019 Peterbilt Model 389 truck identified by VIN 1NPXX4EX1KD264565; and 2018 J&J dump body dump identified by serial number TS24298—to BMO Harris Bank N.A by **May 26, 2023**.

**As to Timber Hill Farm LLC and Barbara L. Gaydosh:**

- $4,212.77 in attorney fees and costs in favor of BMO Harris Bank N.A. BMO

  Harris Bank N.A. is directed to deduct this amount from the "surplus" of $9,595.66, resulting in a remaining "surplus" amount of $5,382.89.

- BMO Harris Bank N.A. is directed to turn over this remaining surplus of $5,382.89, to Timber Hill Farm LLC and Barbara L. Gaydosh by **May 26, 2023**.

- Because Timber Hill Farms obligation is fully satisfied with the proceeds from the sale of one unit of the collateral, the 2019 Peterbilt Model 389 truck, BMO Harris Bank N.A. is directed to return the remaining collateral in its possession—namely the 2018 J&J dump body indentified by serial number TA25457—or any proceed from the sale of that collateral by **May 26, 2023**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In light of the Court's prior written ruling of the motion for default judgment, the Court assumes the parties' familiarity with the factual and procedural background, and provides here only the facts relvant to this Order.

  **A. Loan Agreements**

BMO Harris Bank N.A. and Newtown Electric LLC entered into two loan agreements, ("Newtown Electric Loan Agreements"), on August 24, 2018. *See* Compl. ¶ 10. The first loan agreement, in the amount of $206,033.40 with an 8.60% interest rate, was secured by a 2019 Peterbilt Model 389 truck and a 2018 Heritage dump body. *See* Ex. A to Compl., ECF No. 1-1; Compl. ¶¶ 10–11 ("Loan Agreement One"). Under Loan Agreement One, Newtown Electric LLC agreed to repay the loan over 86 months in regular installments of $3,268.24 starting on December 1, 2018. *Id.* ¶ 11. Mr. Gaydosh, the sole member of Newtown Electric LLC, *see* Compl. ¶ 6, executed a continuing guaranty, *see* Ex. H to Compl., ECF No. 1-8 ("Loan Agreement One Guaranty"), thereby personally guaranteeing Loan Agreement One.

The second loan agreement, in the amount of $217,000.00 with an 8.69% interest rate, was secured by another 2019 Peterbilt Model 389 truck and a 2018 J&J dump body. *See* Ex. B to Compl., ECF No. 1-2; Compl. ¶¶ 12–13 ("Loan Agreement Two"). Under Loan Agreement Two, Newtown Electric LLC agreed to repay the loan over 86 months in regular installments of $3,404.51 starting on October 1, 2018. *Id.* ¶ 13. Mr. Gaydosh likewise executed a continuing guaranty under this agreement, *see* Ex. H to Compl., ECF No. 1-8 at 2, "Loan Agreement Two Guaranty"), thereby personally guaranteeing Loan Agreement Two.

Separately, On May 9, 2018, BMO Harris Bank N.A. entered into a loan agreement with Timber Hill Farm LLC to finance the purchase of a dump truck. *See* Ex. E to Compl., ECF No. 1-5 ("Loan Agreement Three"). Loan Agreement Three, in the amount of $212,310.21 with an 8.29% interest rate, was secured by a 2019 Peterbilt Model 389 truck and a 2018 J&J dump body. Compl. ¶¶ 16–17;  Under Loan Agreement Three, Timber Hill Farm LLC agreed to repay the loan over 86 months in regular installment of $3,299.43 starting on July 1, 2018. Loan Agreement Three at 1; Compl. ¶ 17. Ms. Gaydosh, the sole member of Timber Hill Farm LLC, *see* Compl. ¶ 22, executed a continuing guaranty, *see* Ex. I to Compl., ECF No. 1-9 ("Loan Agreement Three Guaranty"), thereby personally guaranteeing Loan Agreement Three.

B.  **Status of the Collateral**

As of November 16, 2022, BMO Harris Bank N.A. had possession of one of the four units securing the Newtown Electric LLC Loan agreements. *See* Aschenbrenner Suppl. Aff. ¶ 34.

As of April 20, 2022, BMO Harris Bank N.A. had possession of the Timber Hill Farm LLC collateral, which secured Loan Agreement Three. *Id.* ¶ 36. On January 25, 2023, BMO Harris Bank N.A. sold one of the units of the Timber Hill Collateral—namely the 2019 Peterbilt Model 389 truck—for $170,000. *Id.* ¶ 45. BMO Harris Bank N.A. applied the proceed from this

4

sale to Timber Hill Farm LLC's outstanding balance, resulting in a surplus of $9,595.66, which is currently held in an escrow account. *Id.*

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must obtain an entry of default under Rule 55(a) by showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must "seek a judgment by default under Rule 55(b)." *Priestley*, 647 F.3d at 505.

A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability," but "it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A court is required, on a motion for default judgment, "to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor, but it is also required to determine whether [the plaintiff's] allegations establish [the defaulting defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (internal citations omitted); *see also Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas,* 509 F. App'x 54, 57 (2d Cir. 2013) (summary order) ("Conclusory allegations . . . are insufficient; a complaint must plead 'specific facts or circumstances' supporting them.") (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).

Once a court establishes the defaulting defendant's liability, it must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Damages must be

established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). While all reasonable inferences from the evidence presented are drawn in the moving party's favor, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), "[t]he burden is on the plaintiff to establish its entitlement to recovery," *Bravado Int'l Grp. Merchandising Serv., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009) (citing *Greyhound*, 973 F.2d at 158).

### III. DISCUSSION

BMO Harris N.A. is seeking to recover unpaid principal and interest from Newtown Electric LLC and Timber Hill Farm LLC under each loan agreement and attorneys' fees and cost associated with this litigation. As an initial matter, the Court notes that the record here shows that Newtown Electric LLC and Mr. Gaydosh, by virtue of having executed a Guaranty agreement with respect to the Newtown Electric LLC Loan Agreements, are jointly and severally liable for any damages arising from those agreements. *See* Newtown Electric Loan Agreements; Loan Agreement One Guaranty; Loan Agreement Two Guaranty. Likewise, Timber Hill Farm LLC and Ms. Gaydosh are jointly and severally liable for any damages arising from Loan Agreement Three. *See* Loan Agreement Three Guaranty.

The record, however, does not show that Mr. Gaydosh and Ms. Gaydosh are jointly and severally liable for the damages in this action, and BMO Harris Bank N.A. does not assert otherwise. As a result, Mr. Gaydosh and Ms. Gaydosh, are each solely liable for damages arising from their own agreements.

Accordingly, the Court will address the damages owed by each Defendant separately.

**A. Unpaid Interest and Principal**

    a. Newtown Electric LLC

BMO Harris Bank N.A. requests damages as to Loan Agreement One in the amount of $170,225.61 as of January 4, 2023, consisting of $144,591.97 in unpaid principal balance, $25,633.64 in default interest at the default rate of 18% per annum, or $72.30 per day until the entry of judgment. Aschenbrenner Suppl. Aff. ¶ 39. BMO Harris Bank N.A. requests damages as to Loan Agreement Two in the amount of $173,711.77 as of January 4, 2023, consisting of $143,661.36 in unpaid principal balance, $23,300.33 in default interest at the Default rate of 18% per annum, or $71.83 per day until the entry of judgment. Aschenbrenner Suppl. Aff. ¶ 42. In sum, as of Junuary 4, 2023, BMO Harris Bank N.A. requests a total of $339,187.30 in outstanding principal and interest and $144.13 per day in interest until judgment is entered. *Id.*

The Court concludes that in its supplemental submisison, BMO Harris Bank N.A. provides sufficient basis to support this amount in damages. *See e.g.*, Ex. 2–5 to Aschenbrenner Suppl. Aff., ECF Nos. 32-5–32-6 (providing a payment history and loan damage calculations under each loan agreement between Newtown Electric LLC and BMO Harris Bank N.A.).

Accordingly, the Court will grant BHO Harris Bank's request for default judgement for outstaind principal balance and unpaid interest against Newtown Electric LLC in the amount of $354,465.08 as illustrated below. [1]

---

[1] As the Court noted in the initial Ruling and Order for Default Judgment, *see* Order at 18 n.6, BMO Harris Bank N.A. correctly calculated the Acceleration Interest Rate to be 18%. The Payment Schedule of the loan agreements set forth "360-day year of twelve 30-day months." *See* Loan Agreement One at 1. Using this schedule, the daily interest charge can be calculated as follow:
- Under Loan Agreement One, assuming a principal balance of $144,591.97 at the default rate of 18%, the daily interest charge would be $72.30: Outstanding Principal Balance x (Default Interest Rate/360 days), or $144,591.97 x (0.18/360) = $72.30.
- Under Loan Agreement Two, assuming a principal balance of $143,661.36 at the default rate of 18%, the daily interest charge would be $71.83. Outstanding Principal Balance x (Default Interest Rate/360 days), or $143,661.36 x (0.18/360) = $71.83.

| 2/1/2022 - 1/4/2023* | | | |
|---|---|---|---|
| | Loan One | Loan Two | Total Damages |
| Outstanding Principal | $144,591.97 | $143,661.36 | $288,253.33 |
| Interest | $25,633.64 | $25,300.33 | $50,933.97 |
| 1/5/2023 - 4/21/2023** | | | |
| Interest | $7,663.80 | $7,613.98 | $15,277.78 |
| **Total** | **$177,889.41** | **$176,575.67** | **$354,465.08** |

*This date range is consistent with the damage calculation provided by BMO Harris Bank NA.
**This date range results in 106 days having lapsed between the last date of interest was assessed and the day the Court issues this ruling.

### b. Timber Hill LLC

The original loan amount to Timber Hill under Loan Agreement Three was $283,750.98. *See* Aschenbrenner Suppl. Aff. ¶ 43. As of January 4, 2023, the outstanding balance, including principal balance and interest, was $159,425.07. *Id.* ¶ 45. A unit of the Timber Hill collateral sold for the $170,000 on January 25, 2023. *Id.* BMO Harris Bank N.A. applied the proceeds to the outstanding balance resulting in a surplus in the amount of $9,595.66.[2] As a result, Timber Hills's obligation under its contract with respect to outstanding principal balance and interest is fully satisfied.

### B. Attorneys' Fees

"The Second Circuit requires attorneys to submit contemporaneous billing records, documenting the date, hours expended and nature of the work they performed," *Joe Hand Promotions Inc. v. Trenchard*, No. 12CV1099 (SRU), 2014 WL 854537, at *5 (D. Conn. Mar. 3,

---

In calculating the amount in outstanding interest owed under each loan agreement, the Court used the daily interest charge derived using the method outlined above.

[2] The proceed of $170,000 applied to Timber Hill Farm LLC's outstanding balance of $159,425.07 would result in a surplus of $10,574.93, not $9,595.66. The $979.27 difference, however, accounts for unpaid interest between January 4, 2023, and January 25, 2023, the date that the collateral was sold.

2014), and "where documentation of billable hours expended is deficient, the Court may reduce the award accordingly[,]" *Fernandez v. N. Shore Orthopedic Surgery & Sports Med., P.C.*, No. CIV. A. CV 96-4489, 2000 WL 130637, at *3 (E.D.N.Y. Feb. 4, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "An award of attorneys' fees may only provide reimbursement for hours reasonably expended on the litigation and not for hours that are excessive, redundant, or otherwise unnecessary." *Love & Madness, Inc. v. Claire's Holdings, LLC*, No. 21 CIV. 1913 (SLC), 2022 WL 5138806, at *5 (S.D.N.Y. Oct. 5, 2022) (cleaned up). "[T]he determination of the reasonable value of the attorney's services is a matter within the sound discretion of the trial court." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 149 (2d Cir. 1998) (citation omitted).

BMO Harris Bank N.A. contends that it has incurred attorney's fees in the amount of $11,965.00, and costs in the amount of $673.30. *See* Proposed Order at 2. This amount is consistent with the amount BMO Harris Bank N.A. requested in its initial motion for default judgment. *Compare* Mot. for Default J. at 2 ("Plaintiff has incurred attorney's fees in the amount of $11,965.00, and costs in the amount of $673.30.") *with* Proposed Order at 2 ("ORDERED and ADJUDGED that Plaintiff BMO Harris Bank N.A. shall judgment and recover . . . reasonable attorney's fees of $11,965.00, cost of suit of $673.30.").

In support of its request for attorneys' fees and costs, BMO Harris Bank N.A. submits a sworn affidavit of its counsel, which includes billing entries documenting the date and hours expended and the nature of the work performed by each individual who worked on this case. *See* Ex. B to Mot. for Default J., ECF No. 18-2 (Aug. 17, 2022) ("Tannenbaum Aff.")

On this record, the Court concludes that BMO Harris Bank N.A. is entitled to the

9

$11,965.00 in attorneys' fees and $673.30 for cost of suit that it requested.[3]

This amount, however, is not separated by Defendant. *See* Tannenbaum Aff. ¶ 6 ("As our efforts were always against all Defendants at all times, the amounts owed are not broken down by Defendant entity or individual, but collectively."). Because Newtown Electric LLC and Timber Hill Farm LLC are not jointly and severely liable, however, attorney fees awarded in this case must be attributed separately to each Defendant. Awarding joint attorney fees, as BMO Harris Bank N.A. is asking this Court to do, would result in this Court imposing a joint obligation on the Defendants that is not supported by the loan agreements that they each signed.[4]

"It is not the court's job to decipher time entries and guess how much time each activity took." *Williams v. N.Y. City Hous. Auth.,* 975 F. Supp. 317, 327 (S.D.N.Y.1997) (internal quotation marks and citation omitted). Rather it "is the responsibility of the applicant to make

---

[3] In his supplemental affidavit, Tannenbaum indicates that the total amount of reasonable attorney fees associated with this lawsuit is at least $15,074.50. *See* Tannenbaum Suppl. Aff. ¶ 6. As noted above, this amount, however, is not the amount that BMO Harris requested in the proposed order it submitted. *See* Proposed Order at 2 ("ORDERED and ADJUDGED that Plaintiff BMO Harris Bank N.A. shall judgment and recover . . . reasonable attorney's fees of $11,965.00, cost of suit of $673.30."). The Court will therefore presume that the cost of attorney fees requested is what is contained in the proposed order, which is $11,965.00.

But, to the extent that BMO Harris Bank N.A. is requesting $15,074.50 in attorney fees, that amount cannot be sustained on this record. First, BMO Harris Bank N.A. does not provide documentations to support the increase in attorney fees from $11,965.00 at the time of the filing of the motion for default judgment and the $15,074.50 contained in the supplemental affidavits. *See* Tannenbaum Suppl. Aff. ¶ 6 (asserting, without providing supporting documentation, that the "total amount of reasonable and customary attorneys' fees as of January 27, 2023 is at least $15,074.50[]"); *see also* Ex. A to Tannenbaum Aff., ECF No. 31-1 (showing a total amount billed by each attorney).

Here, "[b]y grouping together various tasks in a single entry, Plaintiff's counsel makes it 'difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided.'" *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549DRHAKT, 2020 WL 3790348 (E.D.N.Y. July 7, 2020) (quoting *Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142 (E.D.N.Y. 2013)). Because a "party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records," *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 516 (S.D.N.Y. 2015), and BMO Harris Bank N.A. has failed to do so with respect to the increase in attorney fees, the Court concludes that, the increase in attorney fees from $11,965.00 to $15,074.50 is not justified and therefore will be denied. *See Mawere v. Citco Fund Servs., (USA) Inc.,* No. 09 CIV. 1342 BSJ DF, 2011 WL 6780909 (S.D.N.Y. Dec. 27, 2011) (noting that "at times, [courts] ha[ve] reduced or even disallowed requested attorneys' fees where the supporting time records were not broken out with sufficient detail to enable [courts] to determine the reasonableness of the time spent on particular tasks[]").

[4] Here, BMO Harris Bank N.A. commenced this litigation to recover damages under three loan agreements. *See* Compl. ¶¶ 43–66 (asserting separate breach of contract claims against each defendant). The damages, which flow from separate loan agreements, are pled separately, and any award for damages therefore must be determined based on the terms of each loan agreement.

separate time entries for each activity." *Id.* But, consistent with the Court's discretionary authority to "determine the reasonable value" of attorneys' fees, *Sequa*, 156 F.3d at 148, and in light of the documentation showing "hours reasonable expended on th[is] litigation," *Love & Madness, Inc.*, 2022 WL 5138806, at *5 (quotation marks and citations omitted), the Court will apportion one-third (1/3) of the total cost for the attorney fees incurred to each loan agreement. Consistent with this formulation, the damages for attorney fees and cost of $12,638.30 is awarded as follows:

- Newtown Electric LLC and Gary M. Gaydosh for a total of $8,425.53 for attorney fees and cost associated with the Newtown Electric Loan Agreements;

- Timber Hill Farm LLC and Barbara L. Gaydosh for $4,212.77 for attorney fees and cost associated with Loan Agreement Three.[5]

## IV. CONCLUSION

For the foregoing reasons, BMO Harris Bank N.A.'s motion for default judgment is **GRANTED** as follows:

**As to Newtown Electric LLC and Gary M. Gaydosh:**

- $362,890.61 in damages in favor of BMO Harris Bank N.A., inclusive of $8,425.53 in attorney fees and costs. Consistent with its rights under § 5.2(iv) of the Newtown Electric LLC Loan Agreements, BMO Harris Bank N.A. may repossess the remaining collateral to satisfy this judgment.

- Newtown Electric LLC and Mr. Gaydosh are directed to surrender or otherwise make available the remaining collateral—namely the 2018 heritage dump body

---

[5] BMO Harris Bank N.A. noted that to "the extent any true surplus exists after application of the fees and cost, such amount will be turned over to the Defendants." Aschenbrenner Aff. ¶ 45. The Court has awarded BMO Harris Bank N.A. $4,212.77 in attorney fees and cost, reducing the surplus amount to $5,382.89.

identified by serial number HS2245; 2019 Peterbilt Model 389 truck identified by VIN 1NPXX4EX1KD264565; and 2018 J&J dump body dump identified by serial number TS24298—to BMO Harris Bank N.A by **May 26, 2023**.

**As to Timber Hill Farm LLC and Barbara L. Gaydosh:**

- $4,212.77 in attorney fees and costs in favor of BMO Harris Bank N.A. BMO Harris Bank N.A. is directed to deduct this amount from the "surplus" of $9,595.66, resulting in a remaining "surplus" amount of $5,382.89.

- BMO Harris Bank N.A. is directed to turn over this remaining surplus of $5,382.89, to Timber Hill Farm LLC and Barbara L. Gaydosh by **May 26, 2023**.

- Because Timber Hill Farms obligation is fully satisfied with the proceeds from the sale of one unit of the collateral, the 2019 Peterbilt Model 389 truck, BMO Harris Bank N.A. is directed to return the remaining collateral in its possession—namely the 2018 J&J dump body indentified by serial number TA25457—or any proceed from the sale of that collateral by **May 26, 2023**.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of April, 2023.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE